UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM O. HARRIS, | ) CASE NO. 1:07 CV 1249 |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| CARL ANDERSON, | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Respondent. | ) |

On April 26, 2007, petitioner pro se William O. Harris filed the above-captioned habeas corpus action, challenging his 1988 conviction in the Ohio Court of Common Pleas, pursuant to a guilty plea, for aggravated murder. Although Harris characterizes the instant action as arising under 28 U.S.C. § 2241, it is effectively a second 28 U.S.C. § 2254 petition. Greene v. Tennessee Department of Corrections, 265 F.3d 369, 371 (6th Cir. 2001). See also, Byrd v. Bagley, No. 02-3189, 37 Fed.Appx. 94, 2002 WL 243400 (6th Cir. Feb. 18, 2002). For the reasons stated below, the petition is denied and this action is dismissed.

In October 2004, Harris filed a state habeas petition, asserting: 1) his sentencing procedures should have been conducted by a three-judge panel; 2) his right to a jury trial was not adequately explained to him; 3) he did not waive his rights to a trial by jury; and 4) the trial court never made a finding of guilt on the record. The petition was denied, and his appeal was denied on procedural grounds.

A federal district court may entertain a petition for a

writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that over 19 years passed from the date of his conviction to the filing of Harris's petition. His 2004 state habeas petition cannot "retrigger" the statute of limitations for bringing a federal habeas action. Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL

343249 (6th Cir. Feb. 12, 2003); cf. Searcy v. Carter, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/Dan Aaron Polster 6/26/07
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] This court is aware of Day v. McDonough, 126 S.Ct. 1675, 1684 (2006), but does not interpret the "notice to be heard" requirement in that case as applying at the Rule 4 of the Rules Governing Section 2254 Cases screening stage of the case, when the petition, as in this case, is patently untimely.